UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ERIC ULIS,<br><br>       Plaintiff,<br><br>   v.<br><br>FEDERAL BUREAU OF INVESTIGATION, *et al.*,<br><br>       Defendants. | Case No. 23-CV-636 (JMC) |

**MEMORANDUM OPINION**

Plaintiff Eric Ulis brings this suit, pro se, against the United States Department of Justice and the Federal Bureau of Investigation (FBI). ECF 1.[1] In his Complaint, he alleges that Defendants unlawfully denied the Freedom of Information Act (FOIA) request he made on January 23, 2023, and asks this Court to order the production of the "agency record" to which he believes he is entitled. ECF 1 ¶¶ 34, 39–40; *see* 5 U.S.C. § 552(a)(4)(B). However, as Defendants point out in their motion to dismiss for failure to state a claim, Mr. Ulis is not seeking anything that could even arguably be considered an "agency record." ECF 3 at 2–3; *see* Fed. R. Civ. Pro. 12(b)(6). Instead, he seeks a clip-on necktie. ECF 1 ¶¶ 33–34.

Of course, Mr. Ulis does not seek any old tie, but specifically the tie of the infamous "D.B. Cooper," the man who, in late 1971, hijacked a commercial airliner, exchanged passengers for a ransom upon landing, ordered the plane to take off again, and then jumped out of the plane at 10,000 feet altitude while strapped with a parachute and $200,000 in cash. ECF 1 ¶¶ 13–17; *D.B.*

---

[1] Unless otherwise indicated, the formatting of citations has been modified throughout this opinion, for example, by omitting internal quotation marks, emphases, citations, and alterations and by altering capitalization. All pincites to documents filed on the docket in this case are to the automatically generated ECF Page ID number that appears at the top of each page.

1

*Cooper Hijacking*, FBI (Dec. 11, 2023), https://www.fbi.gov/history/famous-cases/db-cooper-hijacking. The crime remains unsolved, but the "skinny black JC Penney Towncraft #3 clip-on tie" that Mr. Cooper removed before his mid-flight farewell represents one of the key (and only) pieces of physical evidence recovered by investigators. ECF 1 ¶¶ 18–19. Mr. Ulis believes there may be untested DNA in the tie's "spindle apparatus"—a belief that led him to file a FOIA request "seeking limited access to Mr. Cooper's tie" so that he could, at his own expense, "attempt[] to secure a complete DNA sequence for any DNA found upon the spindle." *Id.* ¶¶ 28–29, 34–38. The FBI denied his request, which prompted this suit. *Id.* ¶ 39.

Regardless of the intrigue and mystery that shroud the case of D.B. Cooper, however, FOIA only compels production of "records," not tangible objects. At the very least, not *this* tangible object. Plain meaning, other provisions of FOIA, and precedent all support this conclusion. Black's Law Dictionary defines a "record" as "[a] documentary account of past events, usu[ally] designed to memorialize those events." *Record*, BLACK'S LAW DICTIONARY (11th ed. 2019). In Section 552(a)(3)(B) of Title 5, FOIA asks each agency to "make reasonable efforts to maintain its records in forms or formats that are *reproducible* for purposes of this section." 5 U.S.C. § 552(a)(3)(B) (emphasis added). And other courts both inside and outside of this District have explicitly held that, "[f]or purposes of the FOIA, the term 'records' does not include tangible objects." *Friedman v. U.S. Secret Service*, 923 F. Supp. 2d 262, 275 (D.D.C. 2013); *see also, e.g.*, *Nichols v. United States*, 325 F. Supp. 130, 135–36 (D. Kan. 1971) (bullets, rifle, and clothing related to Kennedy assassination "may not be classified as a 'record' within the meaning of the Act").

A necktie—even a necktie that might contain DNA of a prominent figure like D.B. Cooper—struggles to find a place within the common understanding of "record," is incapable of replication or copying and thus is not "reproducible," and is similar if not identical in kind to the

physical items that courts have already rejected as beyond the scope of FOIA. Indeed, if the shirt and coat worn by President John F. Kennedy during his assassination do not qualify, then certainly the necktie of rogue hijacker D.B. Cooper warrants the same treatment. *Nichols*, 325 F. Supp. at 135. True enough, the D.C. Circuit has yet to delineate the precise limits of what is and is not a "record," noting only (in dicta) that there must be some "boundary of reasonableness." *Citizens for Resp. & Ethics in Wash. v. DOJ*, No. 18-CV-007, 2020 WL 2735570, at *5 (D.D.C. May 26, 2020) (citing *Am. Immigr. Laws. Assoc. v. Exec. Off. for Immigr. Rev.*, 830 F.3d 667, 678–79 (D.C. Cir. 2016)). For this case, however, it suffices to say that to call a clip-on necktie an "agency record" is not reasonable.

\* \* \*

The Court has taken all the factual allegations in the complaint as true, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and applied the more forgiving standards that govern complaints filed by pro se litigants in ruling on this motion, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972). But at the end of the day the viability of Plaintiff's action hinges on whether the clip-on necktie he seeks qualifies as an "agency record" under FOIA. As a matter of law, it does not, and for that reason the Court **GRANTS** Defendants' motion to dismiss for failure to state a claim, ECF 3, and further **ORDERS** that this civil action is **DISMISSED.** A separate order accompanies this memorandum opinion.

**SO ORDERED.**

_____
JIA M. COBB
United States District Judge

Date: December 13, 2023